UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HILDA MENDOZA,

    Plaintiff,

v.                                                                 Case No. 8:21-cv-00885-WFJ-AAS

ACEVEDO TOLENTINO
INVESTMENTS, LLC, d/b/a THE LATIN
SPOT CAFÉ & MARKET,

    Defendant.
_____/

**DEFENDANT'S UNOPPOSED MOTION TO SET ASIDE CLERK'S**
**DEFAULT AND FOR EXTENSION OF TIME TO ANSWER COMPLAINT**

    Without opposition from Plaintiff, Defendant, Acevedo Tolentino Investments, LLC ("Defendant"), moves the Court to set aside the Clerk's default entered on May 21, 2021, and for an extension of time until June 14, 2021 for Defendant to file its answer to the Complaint. In support of this Motion, Defendant states as follows:

    1.     On April 14, 2021, Plaintiff filed a one-count Complaint (the "lawsuit") against Defendant, alleging violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*

    2.     Defendant was served with the Summons and Complaint on April 22, 2021. *See* D.E. 8.

3. Therefore, Defendant had until May 13, 2021 to respond to the Complaint.

4. However, Defendant did not calendar the deadline, and the deadline passed without Defendant retaining counsel or filing a response.

5. Then, on May 16, 2021, Defendant's owner suffered an unexpected family tragedy that turned her attention away from both the business and the impending lawsuit.

6. Unbeknownst to Defendant, Plaintiff moved for, and the clerk entered, a default.

7. When Defendant's owner was able to resume regular activities, she learned that a default had been entered. Defendant then immediately began to search for representation, and retained undersigned counsel on June 2, 2021.

8. Considering the above, Defendant asks the Court to set aside the Clerk's Default and requests an extension of time until June 14, 2021 to answer the Complaint.

9. The undersigned has conferred with Plaintiff's counsel, who indicated that Plaintiff does not oppose any of the relief requested in this motion.

10. This motion is made in good faith and not for purposes of delay.

## MEMORANDUM OF LAW

### I. THERE IS GOOD CAUSE TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT

The Eleventh Circuit has a strong policy of determining cases on their merits and, therefore, does not favor default judgments. *See, e.g., Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993); *Tucker v. Cherryden, LLC*, No. 8:12-cv-1429, 2012 U.S. Dist. LEXIS 128101 at *3 (M.D. Fla. Sep. 10, 2012). Pursuant to Federal Rule of Civil Procedure 55(a), when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." A Court may, however, "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Courts construe the "good cause" standard liberally on a case-by-case basis. *Compania Interamericana Export-Import, S.A. v. Compania Domincana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). In contrast to the heightened "excusable neglect" standard for setting aside a default judgment under Federal Rule of Civil Procedure 60(b), a movant seeking to obtain relief from the entry of a Clerk's default under Rule 55(c) is only required to make a "bare minimum showing" to support its claim for relief. *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988).

While "good cause" is a mutable standard that varies depending on the situation, courts analyzing whether "good cause" exists have commonly

3

considered: (1) whether the default was culpable or willful; (2) whether setting it aside would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. *Compania Interamericana*, 88 F.3d at 951. These factors are not "talismanic," however, and courts may, at their discretion, consider other factors, including but not limited to: (1) whether the public interest was implicated; (2) whether there was significant financial loss to the defaulting party; and (3) whether the defaulting party acted promptly to correct the default. *Id.* As discussed below, the circumstances weigh in favor of setting aside the Clerk's Default.

### A.     **Defendant's Default Was Neither Culpable Nor Willful**

Defendant lost track of the deadline to respond to the Complaint, and then a family tragedy took Defendant's attention away from both the business and the impending lawsuit. These circumstances ultimately resulted in the entry of the Clerk's Default. When a review of the Court's docket revealed that a Clerk's Default had been entered, Defendant immediately sought out counsel, and upon retaining counsel promptly moved to set aside the Clerk's Default so that it may participate in the case on the merits. Accordingly, the Court should set aside the Clerk's Default and allow this case to proceed on the merits.

### B.     **Setting Aside the Clerk's Default Will Not Prejudice Plaintiff**

The delay in responding to the Complaint is in no way prejudicial to

4

Plaintiff. "Delay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55. Instead, [a plaintiff] would have to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties." *Griffin IT Media, Inc. v. Intelligentz Corp.*, No. 07-80535-CIV, 2008 U.S. Dist. LEXIS 3384, at *7 (S.D. Fla. Jan. 16, 2008) (quoting *Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006)). None of those circumstances are present here. Plaintiff will have ample time to assert her claims, engage in discovery, and present her case to the factfinder. Setting aside the default will not affect her ability to recover damages in this action if she prevails.

### C. **Defendant Has Meritorious Defenses**

To show a meritorious defense, the "[l]ikelihood of success is not the measure." *Griffin*, 2008 U.S. Dist. LEXIS at *8 (quoting *Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 374 (D.C. Cir. 1980)). When a defendant provides a mere "hint of a suggestion" that its case has merit, this showing is made. *Rodriguez*, 2013 U.S. Dist. LEXIS 86131, at *8.

Here, in its forthcoming Answer and Defenses, Defendant will deny all material allegations in the Complaint. Defendant also intends to assert additional viable defenses supporting a finding that it compensated Plaintiff properly and in accordance with the requirements of the FLSA. Accordingly, this factor weighs in favor of setting aside the Clerk's Default.

### D. **Defendant Would Suffer Financial Loss if This Case Were Not Decided on the Merits**

In the Complaint, Plaintiff contends she is owed for unpaid overtime, liquidated damages, and attorney's fees and costs. Defendant denies that it violated the FLSA and maintains that it compensated Plaintiff properly for all hours she worked. Thus, Defendant believes that it owes nothing to Plaintiff. If a default judgment is entered in Plaintiff's favor, Defendant would suffer financial loss. Accordingly, Defendant submits that this factor weighs in favor of allowing this case to be decided on the merits.

### E. **Defendant Acted Promptly to Correct the Default**

Upon learning of the Clerk's Entry of Default, Defendant immediately sought to retain counsel. Defendant retained the undersigned on June 2, 2021, and the undersigned immediately sought to confer with counsel for Plaintiff regarding the instant motion. The parties were able to confer on June 3 and June 4, 2021 regarding the relief sought in this motion, and the motion is being filed upon completion of the conferral on June 4, 2021. Therefore, Defendant has been diligent in addressing and seeking to remedy the default.

### CONCLUSION

Considering the foregoing, the Clerk's Default should be set aside to allow this case to be determined on the merits in accordance with the Eleventh Circuit's strong policy. Defendant respectfully requests that the Court enter an Order: (1)

granting this Motion; (2) setting aside the Clerk's Default entered against Defendant; (3) granting Defendant an extension of time of ten days from today (*i.e.*, through June 14, 2021) to answer the Complaint; and (4) granting such other and further relief as this Court deems just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g) of the U.S. District Court for the Middle District of Florida, I certify that I have conferred via email with Plaintiff's counsel regarding the relief sought in this motion. Plaintiff's counsel advised the undersigned that Plaintiff does not oppose the relief requested.

Respectfully submitted,

SPIRE LAW, LLC
2572 W. State Road 426, Suite 2088
Oviedo, Florida 32765


*/s/ Ashwin R. Trehan*
Ashwin R. Trehan, Esq.
Florida Bar No. 42675
ashwin@spirelawfirm.com
laura@spirelawfirm.com
Tel: (407) 494-0135
*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send a notice of electronic filing to all counsel of record.

*/s/ Ashwin R. Trehan*
Attorney
